# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| GARRY LEE TOLER,           ) | |
| )     | |
| **Movant,**           ) | |
| )     | |
| v.           ) | **Civil Action No. 5:09-01323** |
| )     | **(Criminal Action No. 5:03-0122)** |
| UNITED STATES OF AMERICA,           ) | |
| )     | |
| **Respondent.**           ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and currently incarcerated at FCI Beckley, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on November 17, 2009.[1] (Document No. 75.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 77.)

### FACTUAL AND PROCEDURAL HISTORY

**A.    Criminal proceedings.**

By a single count Indictment filed on May 20, 2003, Movant was charged in this United States District Court with bank robbery, in violation of 18 U.S.C. § 2113(a). (Criminal Action No. 5:03-0122, Document No. 1.) On July 21, 2003, Movant pled guilty to the charge contained in the Indictment. (<u>Id.</u>, Document Nos. 13 - 15.) On November 18, 2003, the District Court sentenced Movant to a 210-month term of imprisonment, to be followed by a three-year term of supervised

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

release. (Id., Document Nos. 26 and 27.) Movant filed an appeal in the United States Court of Appeals for the Fourth Circuit, claiming that the District Court erred in denying him an adjustment for acceptance of responsibility, and failed to recognize its authority to depart below the career offender guideline range pursuant to U.S.S.G. § 4A1.3.[2] On October 4, 2004, the Fourth Circuit affirmed Movant's sentence. United States v. Toler, 110 Fed.Appx. 327 (4th Cir.2004). Movant did not seek review of the Fourth Circuit's decision in the United States Supreme Court.

On June 30, 2010, the United States filed a Motion to Reduce Sentence. (Criminal Action No. 5:03-0122, Document No. 78.) By Order entered on September 9, 2010, the District Court granted the United States' Motion and reduced Movant's sentence to 151 months. (Id., Document No. 85.)

**B.     Prior post-conviction filings.**

On June 24, 2005, Movant filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Civil Action No. 5:05-0510, Document No. 52.) Movant argued that he was sentenced as a career offender without receiving notice prior to sentencing. (Id., p. 4.) Movant further claimed that his "sentence was enhanced from 60 months to 210 months without a hearing in front of [a] jury" in violation of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159

---

[2] Movant argued "that he was entitled to a departure below the career offender guideline range because both predicate offenses were committed more than fifteen years before the committed the instant offense, the sentences were partially concurrent, and he did not have another felony conviction for a crime of violence or drug offense until his conviction for the instant offense." *Toler*, 110 Fed.Appx. at 329. The Fourth Circuit noted that Movant did not offer any argument concerning the District Court's decision to characterize him as a career offender and thus had abandoned on appeal the issue of his career offender status. *Id.* Nevertheless, the Fourth Circuit noted that the sentence for each of Movant's predicate offenses extended into the fifteen-year period preceding the instant offense, and was thus countable in his criminal history pursuant to U.S.S.G. § 4A1.2(e)(1). *Id.*

L.Ed.2d 403 (2004). (Id., p. 6.) The undersigned entered Proposed Findings and Recommendation on October 19, 2006, recommending that Movant's Section 2255 Motion be denied. (Id., Document No. 61.) By Memorandum Opinion and Order entered on November 26, 2007, United States District Judge Thomas E. Johnston adopted in part and denied in part the undersigned's Proposed Findings and Recommendation. (Id., Document No. 63.) Specifically, Judge Johnston remanded the case to the undersigned for further consideration as to whether counsel was ineffective in failing to challenge Movant's career offender classification on direct appeal. (Id., p. 2.) The undersigned entered a Supplemental Proposed Findings and Recommendation on May 7, 2008, considering Movant's ineffective assistance of counsel claim and recommending that Movant's Section 2255 Motion be denied. (Id., Document No. 65.) By Memorandum Opinion and Judgment Order entered on June 9, 2008, Judge Johnston adopted the undersigned's recommendation and dismissed Movant's Section 2255 Motion. (Document Nos. 66 and 67.)

### C. Movant's present filings.

On December 7, 2009, Movant filed his letter-form Section 2255 Motion. (Civil Action No. 09-01323, Document No. 75.) Movant again contends that the District Court erred in sentencing him as a career offender. (Id., p. 2.) Specifically, Movant states as follows:

> I am not a career offender. In my reading I have discovered that I have a constitutional right to be sentenced with the use of accurate information. The information used was wrong. At the time my PSR was being put together, I could not convince my attorney to contact Mr. Jerry Cole, Department of Public Safety, West Virginia State Police, concerning the connection of my two previous felonies. Ms. Adams would not hear how the two crimes were connected. She convinced the Judge and my lawyer, they were not connected. Nor would anyone contact Jerry Cole regarding this issue. I was under his Department's surveillance during the entire spree. After speaking with both Mike Kocher and Terry Schrwartz, they both agree Mr. Cole's case file and testimony could change things.

(Id.) Therefore, Movant contends that he is entitled to *habeas* relief.

**DISCUSSION**

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which

4

could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Movant does not contend that his Motion falls under either the category of newly discovered evidence or new rule of constitutional law.[3] Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new

---

[3] Movant appears to argue that in preparing the Presentence Report, Probation Officer Adams should have obtained Mr. Cole's case file because it "could change things" regarding his career offender status under the Sentencing Guidelines. (Civil Action No. 5:09-1323, Document No. 75, p. 2.)

rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[4]

---

[4] Notwithstanding the foregoing, the undersigned will briefly consider the merits of Movant's claim. Movant appears to argue that his two prior convictions were improperly considered as separate offenses because "the two crimes were connected." U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Section 4A1.2(a)(1) defines a "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(4). When a defendant has multiple prior sentences, U.S.S.G. § 4A1.2(a)(2) provides as follows:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separate by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

According to the Presentence Report, Movant was arrested for armed robbery on November 14, 1987, and his controlled substance offense on February 3, 1988. (Criminal Action No. 5:03-0122, Document No. 60, p. 14.) On March 3, 1988, Movant was sentenced by the Circuit Court of Boone County to 30 years incarceration for his armed robbery conviction. (Id., ¶ 68.) On February 3, 1989, Movant was sentenced by this Court to 18-months incarceration for his controlled substance conviction. (Id., ¶ 69.) The above sentences were clearly imposed for offenses that were separated

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 75.), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good

---

by an intervening arrest. Movant was arrested for armed robbery on November 14, 1987, which was prior to the commission of his second offense (distribution of a controlled substance) on February 3, 1988. (*Id.*, ¶¶ 68 and 69.) As stated above, prior sentences are always counted separately if the sentences were imposed for offenses that were separate by an intervening arrest. The undersigned, therefore, finds that Movant's aggravated robbery and controlled substance sentences were properly considered as separate prior sentences. Furthermore, trial counsel was not ineffective in failing to object to the consideration of the sentences as two prior sentences. *See United States v. Kilmer*, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); *Moore v. United States*, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument").

cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*.

Date: November 1, 2012.

R. Clarke VanDervort
United States Magistrate Judge